UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK KEITH STEARNS,

               Plaintiff,

v.

WILLIE STODDARD et al.,

               Defendants.

CASE NO. C11-5422-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: MAY 4, 2012

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Defendants have filed a motion for summary judgment (ECF No. 20). Plaintiff has not filed a response. Defendants have presented evidence to show that their decision to search plaintiff's room and take sexually explicit material from legal files in his room is a legally permissible activity and does not violate clearly established law. Thus, defendants are entitled to qualified immunity from suit. Defendants also show that the taking of the items was an exercise in professional judgment that helps to ensure a therapeutic environment at the Special

Commitment Center, and their actions are therefore constitutional. Finally, defendants show that plaintiff is represented by counsel in his civil commitment proceedings. Thus, he cannot show any court access violation or due process violation resulting from the taking of his sexually explicit materials. For the above reasons, this Court recommends that defendants' motion for summary judgment be granted and that this action be dismissed with prejudice.

## FACTS

The Washington State Special Commitment Center ("SCC") is a secure facility designed to hold and treat persons that the state court system has civilly committed as sexually violent predators. Plaintiff is a pre-trial civil detainee who is being held at the SCC while going through the civil commitment process. Plaintiff alleges that since his arrival on May 14, 2009, his room has been searched twice by defendants and a total of 56 pages of "discovery" have been taken from him. He alleges that his attorney provided him with the materials in question (ECF No. 4). Defendants present a very different factual scenario where plaintiff has been the subject of at least two searches based on suspicion -- one search on July 15, 2009, and another search on May 4, 2010. Defendants claim that plaintiff has a history of hiding sexually explicit materials, drawings, pictures, and stories, in his legal work. Defendants affirmatively state that plaintiff is represented by counsel in his civil commitment proceeding, which is being held in Washington State Superior Court (ECF No. 20, page 6-7).

Defendants did not supply the Court with the actual items taken during the searches and, instead, present under seal the declaration of Cathi D. Harris describing the items taken (ECF No. 22 sealed document). Defendants moved to have the declaration considered under seal and plaintiff did not file any timely objections. The Court considered the motion and determined, based on the descriptions provided, that the items in question "would be patently offensive to the

REPORT AND RECOMMENDATION - 2

public" if the declaration was not sealed (ECF No. 24). Two days after the Court entered its order plaintiff filed objections to the motion (ECF No. 25). Those objections are untimely and they were not considered.

During the July 15, 2009 search, staff members confiscated both real photographs and drawings depicting images of young girls in "provocative poses and displaying genitalia." Included in the materials was an explicit image of two individuals engaged in oral sex, a character of a naked teenager, and images of young girls with exposed breasts (ECF No. 20, page 2).

On May 4, 2010, SCC staff members conducted another search and more photographs and drawings "that depicted child pornography" were taken (ECF No. 20, page 2). The Court has reviewed the declaration of Cathi D. Harris and finds that the items she describes as being taken during the searches were sexually explicit and would violate SCC Policy 208, which is attached to the summary judgment motion as Exhibit 1. That policy prohibits sexually explicit and violent materials (ECF No. 20, Exhibit 1).

Defendants argue that this action should be dismissed for:

1. Qualified immunity,

2. Eleventh Amendment immunity,

3. Lack of personal participation, and,

4. Failure to state a claim because the actions taken were based on professional judgment of SCC officials and are therefore constitutional.

(ECF No. 20). The Court agrees that summary judgment is appropriate on each of these grounds.

STANDARD OF REVIEW

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c)(2). There is a genuine issue of fact for trial if the record, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also T. W. Elec. Service Inc. v. Pacific Electrical Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987); Fed. R. Civ. P. 56(e)(2). The moving party is entitled to judgment as a matter of law if the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1985); Anderson, 477 U.S. at 254 ("the judge must view the evidence presented through the prism of the substantive evidentiary burden"). When presented with a motion for summary judgment, the court shall review the pleadings and evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255 (*citing* Adickes v. S.H. Dress & Co., 398 U.S. 144, 158-59 (1970)). Conclusory, nonspecific statements in affidavits are not sufficient; and, the court will not presume "missing facts". Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

Plaintiff has failed to respond to defendant's motion for summary judgment. Therefore, the facts stated by defendants are uncontested, except to the extent that plaintiff filed a verified amended complaint (ECF No. 7). This amended complaint acts as an affidavit if the facts in the complaint are based on personal knowledge and set forth specific facts that would be admissible in evidence. Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995). The Court has considered the facts in the amended complaint as evidence and concludes that the defendants are entitled to summary judgment.

## DISCUSSION

1. Qualified immunity.

A public official performing a discretionary function enjoys qualified immunity in a civil action for damages, provided his or her conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (citations omitted); see also Anderson v. Creighton, 483 U.S. 635, 638 (1987) ("whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action assessed in light of the legal rules that were 'clearly established' at the time it was taken") (*quoting* Harlow, 457 U.S. at 818, 819); Sorrels v. McKee, 290 F.3d 965, 969 (9th Cir. 2002); but see Richardson v. McKnight, 521 U.S 399, 407, 412 (1997). Thus, qualified immunity "'provides ample protection to all but the plainly incompetent or those who knowingly violate the law'". Burns v. Reed, 500 U.S. 478, 495 (1991) (*quoting* Malley v. Briggs, 475 U.S. 335, 341 (1986)). Qualified immunity is "an affirmative defense that must be pleaded by a defendant official". Harlow, 457 U.S. at 815 (*citing* Gomez v. Toledo, 446 U.S. 635 (1980)). The immunity is "*immunity from suit* rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(italics in original).

The Supreme Court established a two-part test for determining whether an official is entitled to qualified immunity. The Court must determine whether the facts, taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a federal statutory or constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001), *overruled in part by* Pearson v. Callahan, 129 S. Ct. 808, 818 (2009). In addition, the Court must ascertain whether the federal statutory or constitutional right at issue was "clearly established" at the time of the

REPORT AND RECOMMENDATION - 5

alleged violation. Id. at 201. Although the U.S. Supreme Court's holding in Saucier required that the determination of a violation of a federal right be the initial inquiry, the Supreme Court later held "that the Saucier protocol should not be regarded as mandatory in all cases, [however] we continue to recognize that it is often beneficial". Pearson v. Callahan, 129 S. Ct. 808, 818 (2009).

For a law to be "clearly established," it must be sufficiently clear that a reasonable official would understand that his or her action violates that right. Anderson v. Creighton, 483 U.S. 635, 640 (1987). In the absence of binding precedent, the court may look to whatever decisional law is available in order to determine whether or not the law was clearly established at the time the alleged acts occurred. Capoeman v. Reed, 754 F.2d 1512, 1514 (9th Cir. 1985) (citations omitted).

The extent to which a person housed in a secure environment such as the SCC has any expectation in privacy in their room is an open question. Inmates of penal institutions have no reasonable expectation of privacy in their cells or their possessions inside their cells. Hudson v. Plamer. 468 U.S. 517, 525-26 (1984); Mitchell v. Dupnik, 75 F.3d 517 (9th Cir. 1996). In Mitchell, the Ninth Circuit held that jail officials did not violate a prisoner's constitutional rights by searching an inmate's legal papers in his cell outside the presence of the inmate. 75 F. 3d at 522-23. Plaintiff is not an inmate; he is a pre trial detainee in a civil proceeding. He is not housed in a prison; he is in a secure treatment facility. However, the Court recognizes that many of the same security considerations facing prison officials are present in any secure housing environment such as the SCC. On the other end of the spectrum, a free person would have a reasonable expectation of privacy in a room in a private dwelling and a search of this nature could not take place except with a warrant based on probable cause and issued by a court.

Plaintiff's expectation of privacy at the SCC is not the same as that of a private citizen. The need to control contraband and the duty to protect residents from known threats are valid government reasons that would support a lessened expectation in privacy. The need to create and maintain a therapeutic environment for treatment would provide another valid government interest in controlling contraband of this nature at the SCC.

In a footnote, defendants state that Washington Courts have consistently found that residents have a lower expectation of privacy, but they provide no authority to support the statement (ECF No. 20, page 6, n3). The Court finds that defendant's argument citing Eleventh Circuit law is persuasive. Defendants state:

> … For an asserted right to be clearly established for the purpose of qualified immunity, the law must have been developed earlier in such a concrete and factually defined context as to make it obvious to all reasonable government actors that what they are doing violates federal law. Jackson v. Sauls, 206 F.3d 1156, 1164-65 (11th Cir. 2000). If case law does not stake out a bright line, qualified immunity almost always protects the defendant. Id. at 1165….

(ECF No. 20, page 5). Because the law in this area is not clearly established, and there is good reason to assume that a resident's right to a reasonable expectation of privacy is limited because of the unique nature of the SCC facility, the Court recommends that the motion for summary judgment be GRANTED.

2. Eleventh Amendment immunity.

The Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent. See Seminole Tribe of Florida v. Florida 517 U.S. 44, 72 (1996) *overruled in part by* Cent. Va. Cmty. College v. Katz, 546 U.S. 356, 363 (2006); Natural Resources Defense Council v. California Dep't of Transportation, 96 F.3d 420, 421 (9th Cir. 1996). Eleventh Amendment immunity is not automatically waived in actions

brought under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332 (1979). Washington has not waived the protection of the Eleventh Amendment. Edgar v. State, 92 Wn.2d 217 (1979).

The Amendment not only prohibits suit against a state, it prohibits government entities and their officers from being sued in their official capacities by private parties without their consent, because in that capacity they are the state. See See Seminole Tribe of Florida v. Florida 517 U.S. 44, 74-76 (1996) *overruled in part by* Cent. Va. Cmty. College v. Katz, 546 U.S. 356, 363 (2006).

The Supreme Court has held that neither states, nor state officials acting in their official capacity are "persons" for purposes of the Civil Rights Act. Will v. Michigan Dept. of State Police, 491 U.S. 48, 71 (1989). This rule applies equally to state agencies. See Kaimowitz v. Board of Trustees of the Univ. of Ill., 951 F.2d 765, 767 (7th Cir. 1991); Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991). Because they are not "persons" within the meaning of § 1983, plaintiff has not stated a cause of action against these state officials in their official capacity. Therefore, the Court recommends that the summary judgment motion against the defendants in their official capacity be granted on this ground, as well.

   3.  Personal participation.

A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of a supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). Thus, the theory of *respondeat superior* is not sufficient to state a claim under § 1983. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

Personal participation is connected to causation. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose

acts and omissions are alleged to have caused a constitutional violation. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiff must allege facts showing how defendant caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A § 1983 suit cannot be based on vicarious liability alone, but must allege that the defendant's own conduct violated the plaintiff's civil rights. City of Canton v. Harris, 489 U.S. 378, 385-90 (1989).

Plaintiff alleges that his room or cell has been searched twice and that 56 pages of discovery have been taken. He does not name any specific person as having ordered or conducted the search. Plaintiff simply uses the passive voice and alleges that "plaintiff's room was searched." (ECF No. 7, page 2). There is no evidence that any of the defendants ordered or conducted the searches. Id. The Court liberally interprets a pro se complaint, but that liberal interpretation cannot supply facts the plaintiff has failed to plead. Pena v. Gardner, 976 F.2d 496 (9th Cir. 1992). Plaintiff has failed to plead any facts connecting any of the named defendants to the searches or taking of material from his room. At summary judgment the court will not presume "missing facts". Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990). The Court recommends the motion for summary judgment based on lack of personal participation be GRANTED.

    4.  Failure to state a claim.

Actions taken by mental health care providers in the course of treatment or caring for a patient are reviewed under a highly differential standard. Mental health treatment decisions are presumed valid; plaintiff must show a substantial departure from accepted professional

judgment, practice, or standards in order to state a claim based on a specific action taken in relation to treatment. Youngberg v. Romeo, 457 U.S. 307, 323 (1982).

The Court is aware that plaintiff is not participating in any mental health treatment and is a pretrial detainee. However, he is housed in the SCC and has access to residents that are in treatment. The items taken from his cell represent contraband that may be detrimental to the treatment of those persons. SCC officials recognize a need to control contraband. Several examples of their concern and the steps they have taken to create a treatment environment are before the Court. Policy 208 (ECF No. 20, Exhibit 1) is specifically geared toward minimizing sexually explicit and violent materials. The policy even has a method for a resident in treatment to ask permission to obtain a magazine that is not on the approved list (ECF No. 20, Exhibit 1, page 4). Of major concern in considering whether to grant a resident a non approved magazine is the danger of that resident sharing or distributing information. See, (ECF No. 20, Exhibit 1, page 4, section 8). The same danger is present with the materials taken from plaintiff's room.

Under the standard articulated in Youngberg "the Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." Youngberg, 457 at 321. The Court recommends the motion for summary judgment be granted and this action dismissed with prejudice.

The Court also recommends that in forma pauperis status be revoked for purpose of appeal. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May 4, 2012, as noted in the caption.

Dated this 10th day of April, 2012.

J. Richard Creatura
United States Magistrate Judge